# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2465 |
| | § | |
| DITECH FINANCIAL, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

The plaintiff, Patrick Taylor, purchased property in Houston, Texas, in 2005 with a mortgage loan secured by a note and deed of trust. The defendants, Ditech Financial, LLC, the Mortgage Electronic Registration System, and The Bank of New York Mellon, initiated foreclosure proceedings on that property in June 2016. Mr. Taylor sued in Texas state court in August 2016, challenging the foreclosure. He obtained a temporary restraining order enjoining the sale. The defendants timely removed on the basis of diversity jurisdiction. On December 9, 2016, the defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 12). Mr. Taylor has not responded to the motion.

Based on the complaint, the motion, and the applicable law, the motion to dismiss is granted, with prejudice as to some claims and without prejudice and with leave to amend as to others. Any amended pleading to follow this opinion must be filed by **June 30, 2017.**

The reasons for these rulings are stated below.

**I.  Background**

In 2005, Mr. Taylor purchased property located at 5247 Honeywine Drive, Houston, Texas 77048. He signed a mortgage loan for $89,990.00, secured by a note and deed of trust. The original note holder was Countrywide Home Loans, Inc.

In June 2016, the defendants filed a Notice of (Substitute) Trustee's Sale. On August 1, 2016, Mr. Taylor sued in state court, claiming deficiencies in the securitization process and asserting causes of action for theft by deception, fraud, unfair and deceptive business practices, unconscionability, and seeking to quiet title. (Docket Entry No. 1, Exhibit D-2 at p. 6). Mr. Taylor also sought a declaratory judgment, injunctive relief, and costs of suit. (*Id*. at pp. 6, 7).

The defendants moved to dismiss, arguing that the securitization challenges fail as a matter of law because Mr. Taylor lacks standing to assert them, that Mr. Taylor is unable to assert claims under the Deceptive Trade Practices Act because he is not a consumer, and that Mr. Taylor's quiet title claim fails as a matter of law.

## II.     The Legal Standard Under Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). If it would be futile, the court should dismiss with prejudice.

## III. Analysis

### A. The Securitization Claims

Mr. Taylor claims that the defendants lack standing to foreclose on his property because of deficiencies in the securitization process. (Docket Entry No. 1, Exhibit D-2 at p. 5). Mr. Taylor first asserts deficiencies in the assignment of the note. "Under Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013). Mr. Taylor is not the defrauded assignor of the note and cannot challenge the note's assignment.

Mr. Taylor argues that the splitting of the note and deed of trust prevents the defendants from foreclosing. "Texas courts have 'rejected the argument that a note and its security are inseparable by recognizing that the note and the deed-of-trust lien afford distinct remedies on separate obligations.'" *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013)

3

(quoting *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op.)). The split-the-note theory is "inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned." *Id*. Here, defendant Ditech Financial, LLC, is the mortgage servicer. (Docket Entry No. 1, Exhibit D-2 at p. 3). The assignment is facially valid. The defendants do have standing under Texas law to foreclose on Mr. Taylor's property. This claim is dismissed, with prejudice, because amendment would be futile.

Mr. Taylor also claims that the defendants lack standing to foreclose because each of them violated the pooling and service agreement (PSA). The cases are clear that "plaintiffs who are not a party to the PSA 'have no right to enforce its terms unless they are its intended third-party beneficiaries.'" *Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 326 (5th Cir. 2014) (citing *Reinagel*, 735 F.3d at 228). Because Mr. Taylor did not allege any facts showing that he is a party or third-party beneficiary to the PSA, he lacks standing to assert violations of the PSA. *Id*. The claim as to the PSA is dismissed, without prejudice and with leave to amend.

### B. The Fraud Claim

To assert a claim for common-law fraud, a plaintiff must plead that: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires claims

4

for fraud to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The Fifth Circuit has interpreted this to require a plaintiff pleading fraud "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)); *see also Askanase v. Fatjo*, 148 F.R.D. 570, 574 (S.D. Tex. 1993) ("The allegations should allege the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants."). "A dismissal for failure to plead with particularity . . . is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim." *Kiper v. BAC Home Loans Servicing, LP*, 884 F.Supp.2d 561, 568 (S.D. Tex. 2012), *aff'd*, 534 F. App'x 266 (5th Cir. 2013) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

To the extent that the fraud claim arises out of the alleged deficiencies in the securitization process, it is dismissed for the reasons stated above. The economic-loss rule independently bars the braud claim. That rule "bars tort claims when the parties' relationship and their attendant duties arise from a contract." *Id*. at 573. To recover, a plaintiff must "show an injury independent from the subject matter of the contract." *Nguyen v. Fed. Nat. Mortg. Ass'n*, 958 F. Supp. 2d 781, 792 (S.D. Tex. 2013) (citing *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663-64 (Tex. 1998)). The loss of title to a property due to a foreclosure "is an economic damage that arises solely and directly from the alleged breach of [a] contractual relationship." *Roberts v. Fed. Home Loan Corp.*, No. Civ. A. H-11-3304, 2013 WL 1345222, at *6 (S.D. Tex. Mar. 30, 2013). Mr. Taylor's fraud claim also fails because he fails to identify the who, what, when, where, and how of the alleged fraud as required by Rule 9(b). *See Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d

1029, 1033-34 (5th Cir. 2010). Mr. Taylor's fraud claim, even if better pleaded, would be barred by the economic-loss rule, because the claim "derives from the default and enforcement of the indebtedness at issue," making the "alleged tort damages . . . economic" in that they "arise from claims dependent upon the existence of a contract." *Kiper*, 884 F.Supp.2d at 573.

The fraud claim is dismissed with prejudice and without leave to amend because amendment would be futile.

### C. The Unfair and Deceptive Business Practice and Unconscionability Claims

Liberally construed, Mr. Taylor's claims for unconscionability and unfair and deceptive business practice arise under the Texas Deceptive Trade Practices Act (DTPA). To bring a DTPA claim for a deceptive or unconscionable act, a plaintiff must show that: (1) he or she is a consumer under the DTPA; (2) the defendants committed a false, misleading, or deceptive act under § 17.46(b) of the DTPA or engaged in an unconscionable action or course of action under § 17.50(a)(3); and (3) these acts were the producing cause of his or her actual damages. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 907 (5th Cir. 2002) (citing *Brown v. Bank of Galveston, N.A.*, 963 S.W.2d 511, 513 (Tex. 1998)).

To qualify as a consumer under the DTPA, a plaintiff "must seek or acquire goods or services by lease or purchase." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied) (citing *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 351-52 (Tex. 1987)). Those good or services must form the basis of the complaint. *Id*. "Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service." *Id*. at 160 (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173-74 (Tex. 1980).

6

Although money is not a good or service under the DTPA, "Texas courts have departed from the 'facially simple statement' that a 'pure loan transaction lies outside the DTPA.'" *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013) (quoting *Walker v. F.D.I.C.*, 970 F.2d 114, 123 (5th Cir. 1992)). The DTPA applies to a loan "if the borrower's objective is to use the loan to purchase goods or services." *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 195 (S.D. Tex. 2007) (citing *La Sara Grain v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984); *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707-08 (Tex. 1983)); *see also Knight v. Int'l Harvester Credit Corp.*, 627 S.W.2d 382, 388-89 (Tex. 1982) (the plaintiff was a consumer because he sought a loan to purchase a dump truck). "A mortgagor qualifies as a consumer under the DTPA if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Miller*, 726 F.3d at 725.

Complaints based on a mortgage modification, including refinancing or acquiring a subsequent home equity loan, are not recognized under the DTPA. *See id.* (attempting a mortgage modification is not seeking the acquisition of a good or service); *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013) ( persons seeking loan modifications or using loan servicers are not consumers under the DTPA); *Fix*, 242 S.W.3d at 160 ("refinance cannot qualify as a good or service under the DTPA" because the plaintiffs "had already purchased their house" so the "refinance merely extended credit" (citation omitted)); *Grant-Brooks v. WMC Mortg. Corp.*, No. 3:02-CV-2455-AH, 2003 WL 23119157, at *8 (N.D. Tex. Dec. 9, 2003) (a home-equity loan is not a service under the DTPA). The purpose of Mr. Taylor's loan was to purchase property. (Docket Entry No. 12 at 1). Mr. Taylor's complaint is based on the initiation of foreclosure proceedings, not an attempted mortgage modification or subsequent credit extension. Because buying the house

7

"forms the basis of [his] complaint," Mr. Taylor may qualify as a consumer under the DTPA. *Flenniken*, 661 S.W.2d at 708 (the plaintiffs' house formed the basis of their complaint for unlawful foreclosure). But that is not enough to avoid dismissal.

Under the DTPA, "it is not enough to allege that a defendant committed a 'deceptive trade practice'" or unconscionable act. *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 733 (N.D. Tex. 2011). A plaintiff must show that the act was a "producing cause of economic damages or damages for mental anguish." TEX. BUS. & COM. CODE ANN. § 17.50(a) (West 2010). A producing cause is a "substantial factor which brings about the injury and without which the injury would not have occurred." *Streber v. Hunter*, 221 F.3d 701, 729 (5th Cir. 2000) (citing *Doe v. Boys Clubs of Greater Dallas*, 907 S.W.2d 472, 481 (Tex. 1995)). The plaintiff must plead sufficient facts to establish that the defendant's deceptive or unfair acts were a producing cause of economic damages or mental anguish damages.

Mr. Taylor's complaint does not allege sufficient facts to demonstrate that he suffered a type of injury that the DTPA can remedy. The complaint does not identify a particular deceptive or unconscionable act. Mr. Taylor's complaint contains conclusory statements that are not sufficient to support a claim. *See Iqbal*, 556 U.S. at 678; Rule 12(b)(6). Mr. Taylor's complaint also fails to identify the injury suffered or to allege sufficient facts to establish a causal link between the alleged deceptive practice or unconscionable act and any injury.

Mr. Taylor's claims for deceptive business practice and unconscionability under the DTPA are dismissed, without prejudice and with leave to amend.

### D. The Quiet Title Claim

Mr. Taylor asserts a quiet title claim. (Docket Entry No. 1, Exhibit D-2 at p. 6). To prevail in a suit to quiet title, a plaintiff must prove: "(1) he has an interest in a specific property, (2) title to the property is affected by a claim by the defendant or defendants, and (3) the claim, although facially valid, is invalid or unenforceable." *Cervantes v. New Century Mortg. Corp.*, 633 F. App'x 290, 291 (5th Cir. 2016) (citing *Green v. JP Morgan Chase Bank, N.A.*, 937 F.Supp.2d 849, 863 (N.D. Tex. 2013), *aff'd*, 562 F. App'x 238 (5th Cir. 2014) (citation omitted)). "[A]rguments that merely question the validity of an assignment of a deed of trust . . . are not a sufficient basis for a quiet title action under Texas law." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 383 (5th Cir. 2014).

A plaintiff must "prove and recover on the strength of his own title, not the weakness of his adversary's title." *Id*. at 382 (quoting *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christie 2001, no pet.)). The plaintiff "has the burden of supplying the proof necessary to establish his superior equity and right to relief . . . ." *Johnson v. HomeBridge Fin. Servs., Inc.*, No. CV H-16-0748, 2017 WL 1403300, at *2 (S.D. Tex. Apr. 18, 2017).

Mr. Taylor fails to allege facts showing the superiority of his title to the property, such as whether he was current on his mortgage payments. *See Warren*, 566 F. App'x at 382-83. His argument for why defendants have no claim to the title is based on his argument that the securitization process was deficient, which has already been dismissed. The quiet title claim is dismissed, with leave to amend.

### E. The Wrongful Foreclosure Claim

Mr. Taylor does not specifically allege a claim for wrongful foreclosure, but he does allege that a foreclosure sale would be improper. To state a claim for wrongful foreclosure, a plaintiff must

9

show: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Miller*, 726 F.3d at 726 (quotation marks and citation omitted). However, "Texas law does not recognize a claim for *attempted* wrongful foreclosure." *Garcia v. Bank of Am., N.A.*, No. 4:14-CV-2160, 2015 WL 12808271, at *4 (S.D. Tex. Mar. 23, 2015) (citing *James v. Wells Fargo Bank*, *N.A.*, 533 F. App'x 444, 446–47 (5th Cir. 2013) (per curiam)). Because Mr. Taylor "has not lost possession of the [p]roperty, he cannot recover on a theory of wrongful foreclosure," as a matter of law. *Id*. The wrongful foreclosure claim in Mr. Taylor's complaint is dismissed, with prejudice and without leave to amend.

### F. The Request for Declaratory Judgment

Mr. Taylor also asks for a declaratory judgment "that the sale of the property to enforce the deed of trust/mortgage is improper." (Docket Entry No. 1, Exhibit D-2 at p. 7). A request for declaratory relief cannot stand alone under either Texas law or federal law. *See e.g.*, *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) (the Texas Uniform Declaratory Judgments Act is only a procedural device and "does not create any substantive rights or causes of action"); *Wagner v. Pennymac Loan Servs. LLC*, No. 3:16-CV-0124-N-BK, 2016 WL 3360434, at *4 (N.D. Tex. May 6, 2016) (the federal Declaratory Judgment Act merely provides a remedy on the basis of a substantive claim). Because Mr. Taylor's substantive claims have been dismissed, his request for declaratory judgment must also be denied. It is dismissed, with prejudice.

### G. The Request for Injunctive Relief

Mr. Taylor seeks a permanent injunction against the defendants. (Docket Entry No. 1, Exhibit D-2 at p. 7). Requests for injunctive relief must be based on viable substantive claims. *Flowers v. Deutsche Bank Nat'l Trust Co.*, 614 F. App'x 214, 216 (5th Cir. 2015); *see also Brown v. Wells Fargo Bank, N.A.*, No. Civ. A. H-13-3228, 2015 WL 926573, at *6 (S.D. Tex. Mar. 4, 2015) (dismissing the plaintiff's claim for injunctive relief because the plaintiff lacked viable substantive claims). Because Mr. Taylor's substantive claims have been dismissed, his request for injunctive relief is also dismissed, without prejudice as to the underlying claims also dismissed without prejudice and with leave to amend only those claims.

### H. The Request for Costs of Suit

Mr. Taylor also requests costs of suit. He does not explain what costs he is seeking or why costs should be awarded. (Docket Entry No. 1, Exhibit D-2 at p. 7). Requests for costs of suit depend on "viable substantive claims." *Brown*, 2015 WL 926573, at *6 (citing *Smith v. Wells Fargo Bank, N.A.,* Civ. A. H-14-283, 2014 WL 3796413, at *2 (S.D. Tex. July 31, 2014)). Because Mr. Taylor's substantive claims have been dismissed, his request for costs of suit is also dismissed, without prejudice.

### IV. Conclusion

The motion to dismiss, (Docket Entry No. 12), is granted, with prejudice in part and without prejudice and with leave to amend in part, as stated in the opinion. The claims for securitization

deficiencies (except claims based on violations of the PSA), fraud, and wrongful foreclosure are dismissed with prejudice. The claims based o n PSA violations, the DTPA claims, and the quiet title claims are dismissed without prejudice and with leave to amend. The amended complaint must be filed no later than June 30, 2017.

      SIGNED on May 31, 2017, at Houston, Texas.

                                            Lee H. Rosenthal
                                          Chief United States District Judge